```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

ALFRED J. STOKES                                               PLAINTIFF

VS.                              CIVIL ACTION NO. 3:22-CV-00335-TSL-MTP

PROGRESSIVE SECURITY INSURANCE
COMPANY OF LOUISIANA                                           DEFENDANT

### MEMORANDUM OPINION AND ORDER

In this case, which involves a claim by plaintiff Alfred J. Stokes for uninsured motorist (UM) benefits, the defendant insurer, Progressive Security Insurance Company of Louisiana (Progressive), has moved for partial summary judgment on plaintiff's claim that he is entitled to stack UM benefits. Progressive argues that under Mississippi's "center of gravity" test for resolving issues of conflicts of laws, Louisiana law, and in particular, Louisiana's anti-stacking statute, La. R.S. § 22:1295(1), applies to limit plaintiff's potential recovery, and defendant's potential exposure, to the $25,000 per person limits under Progressive's policy. Plaintiff has not responded to the motion and time for responding has passed. The court, having considered the motion, finds and concludes that it is well taken and should be granted.

1

According to the allegations of the complaint, plaintiff, a resident of Mississippi, was injured when the car in which he was a guest passenger was rear-ended by a hit-and-run driver in Jackson, Mississippi.  The car in which plaintiff was riding at the time of the collision was driven by Leroy Matthews, a Louisiana resident, and was insured under a policy issued by Progressive to Cynthia Matthews, a Louisiana resident, through Insurance Network of Louisiana, an independent Louisiana insurance agency.  The policy was negotiated and delivered in Louisiana and covered the accident vehicle and three other vehicles owned by Matthews, all of which were principally garaged in Louisiana.

Progressive argues that under Mississippi's center of gravity test, which governs choice of law issues under Mississippi law, including in this diversity action, Louisiana law applies to the coverage issue presented.  It contends the facts that plaintiff is a Mississippi resident and the accident occurred in Mississippi are irrelevant to the stacking issue, and that all the facts that are relevant to the policy itself weigh decidedly in favor of applying Louisiana law, including Louisiana's anti-stacking statute.   See Steilberg v. Bradley, Civ. Action No. 1:16-cv-269-LG-RHW (S.D. Miss. Jan. 14, 2016) (finding it "unnecessary to

2

conduct an extended choice-of-law analysis because courts have resolved the question presented here a number of times, concluding on similar facts that the state where the policy was purchased, the parties to the insurance contract were domiciled, and the insured property was located, was the state law that applied.") (citing Lowe v. State Farm Mut. Auto. Ins. Co., 463 F. App'x 408, 411 (5th Cir. 2012); AXA Re Prop. & Cas. Ins. Co. v. Day, 162 F. App'x 316, 322 (5th Cir. 2006); Zurich Am. Ins. Co. v. Goodwin, 920 So. 2d 427, 435-36 (Miss. 2006); Owens v. Miss. Farm Bureau Cas. Ins. Co., 910 So. 2d 1065, 1069-72 (Miss. 2005); O'Rourke v. Colonial Ins. Co. of Ca., 624 So.2d 84, 86 (Miss. 1993); and Boardman v. United States Auto. Assoc., 470 So. 2d 1024 (Miss. 1985)).

In several of these same cases, the Mississippi Supreme Court and the Fifth Circuit have held that while the Mississippi Supreme Court has declared that stacking of insurance policies to provide maximum coverage is the public policy of this state and mandatory for policies issued in this state, that does not preclude application of another state's anti-stacking law to policies issued in other states.  See Lowe, 463 Fed. Appx. at 412; Owens, 910 So. 2d at 1069-72; O'Rourke, 624 So. 2d at 86.

Therefore, it is ordered that Progressive's motion for partial summary judgment is granted.

SO ORDERED this 14th day of February, 2023.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE